UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JAMIE EALY, ) | |
| ) | |
| Plaintiff, ) | No. 6:14-CV-77-HAI |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| CAROLYN COLVIN, ) | **&** |
| Acting Commissioner of ) | **ORDER** |
| Social Security, ) | |
| ) | |
| Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff, Jamie Ealy, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for a period of disability and disability insurance benefits. Having reviewed the record and for the reasons set forth herein, Plaintiff's Motion for Summary Judgment (D.E. 21) is denied and the Commissioner's Motion for Summary Judgment (D.E. 22) is granted.

### I. FACTUAL BACKGROUND

Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits on December 13, 2010, alleging a disability beginning on August 15, 2010. D.E. 16-4 at 57. The claim was denied initially on March 28, 2011, and upon reconsideration on August 18, 2011. D.E. 16-4 at 9-12 and 15-17. At Plaintiff's request, an administrative hearing was conducted before Administrative Law Judge Bonnie Kittinger (ALJ) on August 21, 2012. D.E. 16-3 at 31-75. During the hearing, the ALJ heard testimony from Plaintiff and impartial

1

vocational expert James Miller (VE). *Id*. Plaintiff was thirty-one years old on the alleged onset date, and has past relevant work experience as a telemetry technician, a billing clerk, a cashier, and a certified nursing assistant. D.E. 16-3 at 22. At the time of the hearing, she was not working, had graduated high school, and completed two years of college. *Id*. at 37-38. The VE testified that Plaintiff could no longer perform her prior work, but that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, and the ALJ accepted that testimony. *Id*. at 22-23.

In evaluating a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Before the fourth step is conducted, the ALJ must determine the claimant's residual functional capacity, which calculates her ability to do physical and mental work activities on a sustained basis despite

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

limitations from her impairments. Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

In this case, at Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 15, 2010, the alleged onset date. D.E. 16-3 at 14. At Step 2, the ALJ found that Plaintiff had the following severe impairments: "lumbar and cervical degenerative disc disease, anxiety, and depression[.]" *Id*. The ALJ found that the record did not substantiate the Plaintiff's claims of "allegedly severe heart problems; fibromyalgia; lupus; rheumatoid arthritis; psoriatic arthritis; hypertension; visual impairment; or thyroid condition." *Id*. At Step 3, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. *Id* at 16. The ALJ found Plaintiff to have the residual functional capacity to perform light work as defined in CFR 404.1576(b), with certain limitaitons. *Id*. at 18. At Step 4, the ALJ determined that Plaintiff is unable to perform any past relevant work. *Id*. at 22. However, at Step 5 the ALJ relied on the testimony of the VE to find that, based on Plaintiff's residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id*. at 23. The Appeals Council declined to review the ALJ's decision on January 28, 2014 (*Id*. at 1), and Plaintiff now seeks judicial review in this Court.

## II. DISCUSSION

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment

of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

### A. The ALJ did not err in giving little weight to the opinion of Dr. Lynch

Plaintiff's first argument on appeal is that the ALJ erred by assigning little weight to the opinion of Dr. Greg Lynch, Ph.D. D.E. 21-1 at 7. Plaintiff asserts that the report and findings

from Dr. Lynch (D.E. 17-2 at 81-86) were disregarded by the ALJ improperly and thereby the ALJ erred in failing to incorporate these restrictions into the Plaintiff's residual functional capacity.

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1502. A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.* A non-treating source has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source is an acceptable medical source that has not examined the claimant but provided medical or other opinion evidence in the case. *Id.*

ALJs must give a treating source's opinion controlling weight "if he finds the opinion 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (*quoting* 20 C.F.R. § 404.1527(c)(2)). However, one meeting is insufficient to establish an ongoing treatment relationship. *See Smith v. Comm'r*, 482 F.3d 873, 876 (6th Cir. 2007) (holding that the opinion of a doctor, who examined claimant only once and wrote a single "physical capacity evaluation," was not entitled to controlling weight).

The regulations require that, if the source of the opinion is non-treating, the following factors must be considered in order to determine how much weight to give the opinion: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) the specialization of the treating source; and (6) other

5

factors brought to the ALJ's attention by the parties. 20 C.F.R. 404.1527(c)(1)-(6). The regulations further state that although the ALJ uses medical sources, both treating and non-treating, on issues such as the claimant's residual functional capacity, the final responsibility in deciding these issues is reserved to the Commissioner. 20. C.F.R. § 404.1527(d)(2); *See also Warner v. Com'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician."). Finally, the ALJ is required to "explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us." 20 C.F.R. 404.1527(e)(2)(ii).

Plaintiff asserts that the ALJ incorrectly disregarded the limitations that Dr. Lynch placed on the Plaintiff. D.E. 21-1 at 7-8. According to Plaintiff, the findings in Dr. Lynch's report are "uncontradicted by any examining source and the Administrative Law Judge failed to justify his rational [sic] for disregarding the evidence." *Id* at 8. However, this is not an accurate representation of the ALJ's decision, which specifically addresses the rationale behind affording Dr. Lynch's opinion "little weight." D.E. 16-3 at 21.

It should first be noted that Dr. Lynch is a non-treating source as he examined Plaintiff once on March 8, 2011. D.E. 17-2 at 81. Therefore his opinion is not entitled to the controlling weight given to treating sources and the ALJ was entitled to decide what weight to give the opinion. 20 C.F.R. § 404.1527(c). Plaintiff specifically objects to the assignment of little weight to Dr. Lynch's findings that she had "marked limitations" with respect to both adaption to tolerate stress and pressure of day-to-day employment, and responding appropriately to

6

supervisors, coworkers, and work pressures. D.E. 16-3 at 21; D.E. 17-2 at 85-86. The ALJ however, adequately explained her reasons for attributing the opinion little weight and provided a thorough discussion of the Plaintiff's medical record. D.E. 16-3 at 14-22.

First, the ALJ noted that Dr. Lynch's findings were inconsistent with his own clinical observations of the Plaintiff. *Id*. at 21. Dr. Lynch noted that the Plaintiff presented with a depressed mood and affect was restricted, however, he observed that she had an average fund of knowledge, average intelligence, and normal recall/memory skills. D.E. 17-2 at 84. Moreover, he found her attitude to be cooperative, that she was fully oriented, observed "moderate day to day limitations," and assigned Plaintiff a Global Assessment of Function (GAF) score of 51. *Id*. at 84-85. This score, as the ALJ noted, indicates moderate difficulty in social, occupational or school functioning. D.E. 16-3 at 21. However, Dr. Lynch assigned "marked limitations" to the Plaintiff in two findings in his report which are inconsistent with a GAF score of moderate limitations. *See Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 471-72 (6th Cir. 2006) (unpublished) (discussing marked limitations being inconsistent with GAF scores in the 50-60 range.). Therefore, the ALJ's determination that Dr. Lynch's own objective findings were inconsistent with his opinion that the Plaintiff had "marked limitations" was sufficiently supported.

The ALJ also afforded Dr. Lynch's opinion little weight because it was inconsistent with the Plaintiff's record of moderate prescription-based treatment for her mental health. D.E. 16-3 at 21. Plaintiff has been prescribed Celexa, Xanax, and Clonidine. D.E. 16-4 at 87. As the ALJ noted, there is no evidence in the Plaintiff's record of any "required psychiatric hospitalizations, emergent care, crisis intervention, or even outpatient counseling." D.E. 16-3 at 21. Moreover, Plaintiff's normal presentation during mental status exams incident to treatment for physical

7

complaints further supports the ALJ decision.  *Id*.  Throughout the record, Plaintiff is noted on multiple occasions as presenting as fully oriented, stable, and cooperative.[2]

It should be noted that the ALJ gave dispositive weight to the mental functional opinion of agency case analyst H. Thompson Prout, Ph.D.  D.E. 16-3 at 22.  Dr. Prout found that the Plaintiff has moderately limited abilities to work in coordination with others, to remember and carry out detailed instructions, to interact with the general public, and to accept instructions or criticism from supervisors.  D.E. 16-4 at 3-5.  However, Dr. Prout did not report any "marked limitations" and found that Dr. Lynch's GAF score was valid.  *Id*.  The ALJ found that the opinion of Dr. Prout was consistent with the objective observations of Dr. Lynch, the modest treatment record, and particulars of Plaintiff's day-to-day activities, and therefore reasonably assigned dispositive weight to that opinion. D.E. 16-3 at 22.

The ALJ therefore did not err in assigning little weight to the opinion of Dr. Lynch because her finding was supported by substantial evidence.  Dr. Lynch's opinion was inconsistent with his own objective observations, with objective findings in the record, and with the findings of agency case analyst Dr. Prout, to which the ALJ attributed dispositive weight.

Relatedly, Plaintiff asserts that the ALJ erred in failing to use Dr. Lynch's findings in a hypothetical posed to the VE at the hearing.  At the administrative hearing, the ALJ posed hypothetical questions to the VE that did not include Dr. Lynch's "marked limitations" findings. Plaintiff correctly asserts that, following a hypothetical from Plaintiff's counsel, the VE testified that a hypothetical Plaintiff with "marked limitations," such as those described by Dr. Lynch,

---

[2] *See* D.E. 17-1 at 23 (Dr. Richardson noting that patient is oriented and in an appropriate mood); *Id*. at 119, 121 (Dr. Ali noting that Plaintiff has no depressive symptoms on multiple occasions in 2010); D.E. 17-3 at 20, 22  (Dr. Ali noting that Plaintiff has no depressive symptoms on multiple occasions in 2011); D.E. 17-4 at 339 (Dr. Ali noting Plaintiff has no depressive symptoms in June, 2012); *Id*. at 213 (Dr. Siddiqi describing Plaintiff as cooperative, in a stable mood, and with a logical though process in August, 2011); *Id*. at 194, 197, 201, 204 (Dr. Siddiqi noting that Plaintiff was cooperative and polite on multiple occasions throughout 2011); *Id*. at 312 (Notes from Pineville Community Hospital listing Plaintiff has normal judgment, orientation, and memory in 2011).

would be unable to perform any job in the regional or national economy. D.E. 16-3 at 74-75. Plaintiff is presumably asserting that the ALJ erred in failing to incorporate Dr. Lynch's findings into his hypothetical.

It is true that, in posing a hypothetical question to a vocational expert, an ALJ must accurately describe Plaintiff's functional limitations. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). However, the ALJ need only incorporate those limitations he finds to be credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). As described above, the ALJ reasonably gave little weight to the findings of Dr. Lynch and therefore was entitled to omit the "marked limitations" from the hypothetical.

### B. The ALJ did not err in her assessment of Plaintiff's credibility

Plaintiff next contends that her own allegations were improperly rejected by the ALJ without a proper credibility determination under 20 C.F.R. § 404.1529. In determining whether a claimant is disabled, the Commissioner considers statements or reports from the claimant. 20 C.F.R. § 404.1529(a). To determine whether statements of a claimant are credible, ALJ's employ the following two-part test:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)). In 20 C.F.R. § 404.1529, the Social Security Administration informs claimants that, in certain credibility determinations, the following factors should guide the analysis of the agency decision makers:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have

9

> taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1037-38 (6th Cir. 1994). Importantly, it is within the province of the ALJ, rather than the reviewing court, to evaluate the credibility of claimant. *Rogers*, 486 F.3d at 247 (citing *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 644 (6th Cir. 1990); *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 538 (6th Cir. 1981)). Even so, the credibility determinations of the ALJ must be reasonable and supported by substantial evidence. *Id*. at 249.

The ALJ cited the correct test and found, "[p]ursuant to a comprehensive review of the record," that "the claimant's medically determinable impairments could reasonably cause the symptoms alleged, but that her statements regarding their intensity, frequency and limiting effects are not credible to the extent they are inconsistent with the RFC." D.E. 16-3 at 18. Plaintiff argues that "even if good reasons exist to question the credibility of a claimant, an Administrative Law Judge must nonetheless make those reasons apparent[.]" D.E. 21-1 at 8. The ALJ, however, states multiple reasons for discrediting the subjective claims of the Plaintiff. First, the ALJ notes that Plaintiff's description of her disabling pain severely interfering with her ability to perform basic subsistence activities (bathing, grooming, cooking, caring for her children, or doing homework) is inconsistent with the record regarding her daily activities. D.E. 16-3 at 19. The ALJ noted that the record indicates the Plaintiff (among other things) is the mother of four children, takes "care of her terminal mother," performs a full range of personal care, leaves the house to visit family and friends as well as shop and run errands, pays bills,

10

manages a bank account, walks inside the house for exercise, and assists with modest household chores like laundry. *Id*.

In addition to Plaintiff's day-to-day activities, the ALJ also considered the effect of medication on Plaintiff's symptoms in making her credibility determination. *Id* at 20. The ALJ found that Plaintiff's claims that her medication did not give her any palliative benefit and actually worsened her pain were directly inconsistent with reports from treating physicians throughout the record, including some reports that the prescriptions were decreasing her pain. *Id*. The ALJ also considered many of the Plaintiff's subjective complaints to be significantly inconsistent with the record as a whole. *Id*. at 19-20. The ALJ stated that the Plaintiff's subjective allegations were not supported by her largely routine treatment history through regularly scheduled appointments with Dr. Amjad and that physical exams throughout the record are "routinely unremarkable." *Id*. at 19. Dozens of record citations were provided to support this analysis by the ALJ. *Id*. Moreover, diagnostic exams also failed to corroborate many of the Plaintiff's complaints. *Id*. at 20.

The ALJ employed the proper test for evaluating the credibility of the Plaintiff's claims, considered the factors that that the agency has bound itself to consider, and complied with applicable Sixth Circuit law. In so doing, the ALJ has conducted a proper credibility determination, which the Court's independent review has found to be reasonable and supported by substantial evidence from the record.

### C. The ALJ's determination that Plaintiff is disabled is supported by substantial evidence

Although Plaintiff argues that substantial evidence does not support the ALJ's determination, she fails to identify any particular finding or conclusion that she seeks to

challenge, aside from the challenges discussed previously. Where a claimant has failed to specifically identify alleged error, the Sixth Circuit has:

> decline[d] to formulate arguments on [the claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [claimant] appears to raise in [his] brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and quotation marks omitted).

After reciting the legal standard applicable to the case, Plaintiff's argument consists of the following:

> [i]t is the contention of the Plaintiff under these standards of review that there is not substantial evidence to support the denial of her application for security benefits. The objective medical evidence unequivocally documents that the Plaintiff has several conditions which are disabling.

D.E. 21-1 at 10. In other parts of her brief, Plaintiff repeats this conclusory argument without citation to the record or reference to specific parts of the ALJ's opinion that are being challenged. Thus, these challenges warrant "little discussion, as [Plaintiff] has made little effort to develop this argument in [her] brief on appeal, or to identify any specific aspects of the Commissioner's determination that lacks support in the record." *Hollon*, 447 F.3d at 490-91.

Notwithstanding the imprecise nature of Plaintiff's argument, as outlined above, a review of the evidence of record demonstrates that the ALJ's decision is supported by substantial evidence. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *see also*

*Rogers*, 486 F.3d 241; *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("[F]indings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). Having reviewed the entire record of this matter, the Court finds no error with the ALJ's assessment and analysis of the evidence of record or her determination that Plaintiff is not disabled as defined by the Act.

## I.  CONCLUSION

Accordingly, and the Court being sufficient advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (D.E. 21) is **DENIED**;

(2) Commissioner's Motion for Summary Judgment (D.E. 22) is **GRANTED**;

(3) **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 6th day of January, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge